22-569-cr
*United States v. Saunders*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007 IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 3rd day of May, two thousand twenty-three.

PRESENT:
> JOSÉ A. CABRANES,
> JOSEPH F. BIANCO,
> SARAH A. L. MERRIAM,
> *Circuit Judges*.

---

United States of America,

> *Appellee*,

> v.                                                         22-569-cr

Samuel Saunders,

> *Defendant-Appellant*.

---

FOR APPELLEE:                                   Peter J. Davis, Adam S. Hobson, Olga I. Zverovich, Won S. Shin, Assistant United States Attorneys, *for* Damian Williams, United States Attorney for the Southern District of New York, New York, NY.

FOR DEFENDANT-APPELLANT:          Beverly Van Ness, New York, NY.

Appeal from a judgment of the United States District Court for the Southern District of New York (Schofield, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Defendant-appellant Samuel Saunders appeals from the district court's judgment, filed on February 28, 2022, following a jury trial. Saunders was convicted on a one-count indictment, charging him with unlawfully possessing ammunition as a felon, in violation of 18 U.S.C. § 922(g)(1). The evidence at trial established that Saunders, who had been previously convicted of a felony, unlawfully possessed ammunition on July 19, 2019, when he fired a loaded gun on a Bronx street. The district court sentenced Saunders to ninety-six months' imprisonment, three years of supervised release, and imposed a $100 mandatory special assessment. On appeal, Saunders contends that his conviction should be reversed and a new trial ordered because the prosecutors made remarks during summation that deprived him of his due process right to a fair trial. Specifically, Saunders asserts that, during the summations, the government: (1) improperly made statements regarding the dangerous nature of the shooting; and (2) acted as an unsworn witness when stating that forensic testing would have been pointless and suggesting that the video of the incident made other evidence superfluous. We assume the parties' familiarity with the underlying facts and procedural history of this case, which we reference only as necessary to explain our decision to affirm.

"[A] defendant who seeks to overturn his conviction based on alleged prosecutorial misconduct in summation bears a 'heavy burden.'" *United States v. Farhane*, 634 F.3d 127, 167 (2d Cir. 2011) (quoting *United States v. Feliciano*, 223 F.3d 102, 123 (2d Cir. 2000)). "Flaws in

2

the government's summation will require a new trial only in the rare case in which improper statements—viewed against the entire argument to the jury—can be said to have deprived the defendant of a fair trial." *United States v. Caracappa*, 614 F.3d 30, 41 (2d Cir. 2010); *accord Farhane*, 634 F.3d at 167 (explaining that a defendant seeking a new trial based on alleged prosecutorial misconduct in summation "must show that the [challenged] comment, when viewed against the entire argument to the jury, and in the context of the entire trial, was so severe and significant as to have substantially prejudiced him, depriving him of a fair trial" (internal quotation marks and citations omitted)). "In determining whether an inappropriate remark amounts to prejudicial error, we look to 'the severity of the misconduct, the measures adopted to cure the misconduct, and the certainty of conviction absent the misconduct.'" *Caracappa*, 614 F.3d at 41 (quoting *United States v. Spinelli*, 551 F.3d 159, 170 (2d Cir. 2008)).

Here, where Saunders did not object to the statements during trial, our review is for plain error. *See United States v. Williams*, 690 F.3d 70, 75 (2d Cir. 2012). Under the plain error standard, a new trial is only warranted if the remarks amount to "flagrant abuse" which "seriously affect[] the fairness, integrity, or public reputation of judicial proceedings, and cause[] substantial prejudice to the defendant." *Id.* (internal quotation marks and citation omitted).

## I.      Prosecutors' Statements About the Shooting

Saunders argues first that the prosecutors' statements, both in the main and rebuttal summations, regarding the shooting were improper. At the beginning of the government's main summation, one prosecutor stated:

> On a Friday night in the Bronx, Samuel Saunders, sprayed bullets into the middle of a city street. He did it because a man punched him, and he wanted revenge. He hit [the victim], and he barely missed other innocent bystanders, and he did it

3

with ammunition that it was illegal for him to have. That's why we're here, because Samuel Saunders sprayed bullets into a public street and almost killed someone.

App'x at 42. At the conclusion of the government's rebuttal summation, the other prosecutor explained:

This hasn't been a long trial, but it's been an important one. The defendant acted with a complete disregard for human life. He could have killed multiple people that night. There were kids in the street. You saw them running for their lives. They were feet from where he shot. Take a step back, consider the evidence, think about what you saw with your own eyes on the video and use your common sense. The defendant is guilty.

*Id*. at 88.

We conclude that these summation statements were not improper under the circumstances of this case. As a threshold matter, the prosecutors' descriptions of the events on the night at issue accurately summarized the evidence that was presented to the jury. *See United States v. Tocco*, 135 F.3d 116, 130 (2d Cir. 1998) ("The prosecution and the defense are generally entitled to wide latitude during closing arguments, so long as they do not misstate the evidence."). In particular, the jury viewed videos that showed several bystanders in the street running away during the shooting. The jury also heard testimony from a detective that bullets hit a car on which a bystander was sitting and that one person was hit and injured during the shooting. Saunders did not object to the admissibility of any of this evidence during trial. Indeed, during his opening argument, Saunders's counsel also acknowledged that there were "a host of people who were out there that night" and that the video depicted a man "firing a gun at another individual and hitting [him]." Suppl. App'x at 67–68. Therefore, the prosecutors' statements regarding the reckless and dangerous nature of Saunders's conduct were well-supported by the evidence.

4

Notwithstanding the accuracy of the prosecutors' statements regarding the evidence, Saunders contends the statements were improper because whether others could have been injured was irrelevant and prejudicial given that he was not charged with assault or attempted murder, but instead was charged with unlawfully possessing ammunition as a felon. We find this argument unpersuasive. To prove the charge of unlawful possession of ammunition, the government was required to show, *inter alia*, that Saunders knowingly possessed the ammunition. The government did so, in this particular case, by proving that Saunders fired a loaded gun in a crowded street. Thus, the facts and circumstances surrounding the shooting were inextricably intertwined with proving his knowing possession of the ammunition. Moreover, the government is permitted to "emphasize the importance of the case by calling attention to the unsavory nature and the social consequences of [the crime]." *United States v. Ramos*, 268 F.2d 878, 880 (2d Cir. 1959); *see also United States v. Salameh*, 152 F.3d 88, 135 (2d Cir. 1998) (per curiam) (rejecting defendant's argument that prosecutor's statement in opening and closing arguments regarding the severity of the bombing was improper where "the prosecutor's statement was amply supported by the evidence"). Thus, there was nothing improper about the prosecutors, in describing the importance of the case, pointing to the dangerous and reckless manner in which Saunders knowingly and unlawfully possessed (and used) the ammunition.

## II. Prosecutor's Statements Addressing the Lack of DNA or Fingerprint Evidence

Saunders also challenges the prosecutor's statements in the rebuttal summation addressing the lack of DNA or fingerprint evidence in the case. During summation, defense counsel argued to the jury that reasonable doubt existed because of, *inter alia*, the lack of DNA or fingerprint

5

evidence linking Saunders to the crime. The prosecutor, in the rebuttal summation, responded to that argument by questioning the ability of law enforcement to obtain DNA or fingerprints from shell casings, especially after they are fired, and urging the jury to use their common sense. Saunders contends on appeal that these statements were improper because they were not based on any evidence in the record and that the prosecutor thereby acted as an unsworn witness.

The government counters that the statements were proper because a prosecutor is permitted to suggest reasonable inferences from the evidence to the jury and can encourage the jury to use their common sense and experience to draw such inferences. *See United States v. Zackson*, 12 F.3d 1178, 1183 (2d Cir. 1993) ("The government has broad latitude in the inferences it may reasonably suggest to the jury during summation." (internal quotation marks and citation omitted)); *see also United States v. Huezo*, 546 F.3d 174, 182 (2d Cir. 2008) ("[J]urors are entitled, and routinely encouraged, to rely on their common sense and experience in drawing inferences.") The government contends that even if the prosecutor's statements were improper, they did not result in substantial prejudice or amount to flagrant abuse.

We conclude, even assuming *arguendo* that the prosecutor's statements about forensic evidence raise scientific issues beyond a lay person's common sense and experience and that the statements were thereby improper, the statements did not rise to the level of a "flagrant abuse" that is required to warrant a new trial under plain error review. *Williams*, 690 F.3d at 75 (internal quotation marks and citation omitted). Prior to deliberations, the district court instructed the jury:

> Evidence consists of the testimony of witnesses and the exhibits of the parties. The statements and arguments made by lawyers are not evidence. Their arguments are intended to convince you what conclusion you should draw from the evidence or lack of evidence. You should weigh and evaluate the lawyers' arguments carefully, but you must not confuse them with the evidence.

App'x at 22–23.   This instruction was sufficient to cure any prejudice that may have resulted from the prosecutor's statements.[1]   *See United States v. Elias*, 285 F.3d 183, 192 (2d Cir. 2002) (holding that general instruction advising that "[a]rguments or statements by the lawyers are not evidence" cured the prosecutor's non-severe misconduct (internal quotation marks omitted)).   In addition, the statements at issue here were an isolated part of the summations and were "an aberration in an otherwise fair proceeding."   *Id.* at 191; *see also United States v. Biasucci*, 786 F.2d 504, 514 (2d Cir. 1986) ("[C]riminal convictions are not to be lightly overturned on the basis of a prosecutor's inappropriate comments standing alone in an otherwise fair proceeding."). Moreover, substantial prejudice was lacking given the overwhelming nature of the evidence against Saunders.   *See United States v. Modica*, 663 F.2d 1173, 1182 (2d Cir. 1981) (per curiam) (holding no substantial prejudice existed where "[t]he case against appellant was overwhelming" and "the trial record strongly indicates that the jury would have convicted appellant even if the improper statements had not been made").   Simply put, even if the statements were improper, this is not the "rare case in which improper comments in a prosecutor's summation are so

---

[1]  The district court also gave similar instructions at the beginning of the trial and prior to summations. *See* Suppl. App'x at 52 ("What the lawyers, as I said, say in their arguments is not evidence.   It's commentary to help you understand the evidence so the lawyers may make opening statements and tell you what they expect the evidence will show, but what they say is not evidence.   It is only actually what is introduced as evidence that you may consider in reaching your verdict."); App'x at 35 ("[T]omorrow, you will hear from the lawyers who will give their closing arguments and I'll remind you now that the arguments by the lawyers are not evidence, because the lawyers are not witnesses.   If what they say differs from what you remember about the evidence, it's your recollection that controls.   What they say to you in closing arguments is intended to help you understand the evidence and reach your verdict.").

7

prejudicial that a new trial is required." *United States v. Rodriguez*, 968 F.2d 130, 142 (2d Cir. 1992) (internal quotation marks and citation omitted).[2]

*       *       *

We have considered Saunders's remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

---

[2]   Saunders relatedly contends that it was improper for the prosecutor to argue in the rebuttal summation that the video evidence was "so much better" than scientific evidence, such as DNA or fingerprints, because "[a]ll you need is your own eyes" and "[d]efense counsel wants you to not believe what you saw with your own eyes." App'x at 84. We find nothing improper about this argument by the prosecutor. A prosecutor is "ordinarily entitled to respond to the evidence, issues, and hypotheses propounded by the defense . . . ." *United States v. Marrale*, 695 F.2d 658, 667 (2d Cir. 1982). The prosecutor's statement was in direct response to defense counsel's assertion in summation that DNA or fingerprint evidence was necessary for there to be proof of guilt beyond a reasonable doubt and, in light of that assertion, the prosecutor was permitted to refocus the jury's attention on what the government contended was the strong evidence of guilt that was presented to the jury. *See United States v. Rivera*, 971 F.2d 876, 883 (2d Cir. 1992) ("The prosecutor's remarks were legitimate responses to [defense] counsel's arguments . . . . The challenged statements were an attempt [by the prosecutor] to focus the jury's attention upon the evidence and away from defense counsel's claims.").